IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Troy A. Carte, James M. Jones, William C. Robinson, and Walter W. Raub, II, on behalf of themselves and a Class of similarly-situated persons,

   Plaintiffs,

 v.

American Electric Power Service Corporation and American Electric Power System Retirement Plan,

   Defendants.

Civil Action No.  2:21-cv-5651

## Class Action Complaint

AND NOW Come Plaintiffs, Troy A. Carte, James M. Jones, William C. Robinson, and Walter W. Raub, II, on behalf of themselves and a Class of similarly-situated persons, and complain against Defendants American Electric Power Service Corporation ("AEP") and American Electric Power System Retirement Plan (the "Plan"), as follows:

### Parties

1. Plaintiff Carte is an individual resident of the State of Ohio who was continuously employed in Ohio by AEP and/or its direct or indirect subsidiaries from before 2001 until 2018.

2. Plaintiff Jones is an individual resident of the State of Ohio who was continuously employed in Ohio by AEP and/or its direct or indirect subsidiaries from before 2001 until 2018.

3. Plaintiff Robinson is an individual resident of the State of West Virginia who was continuously employed in Ohio by AEP and/or its direct or indirect subsidiaries from before 2001 until 2018.

4. Plaintiff Raub is an individual resident of the State of Ohio who has been continuously employed in Ohio by AEP and/or its direct or indirect subsidiaries from before 2001 until the present.

5. Defendant AEP is a New York corporation with a corporate headquarters in Columbus, Ohio, which is in the business of operating power plants and power transmission systems in multiple states, directly and/or through its direct or indirect subsidiaries.

6. Defendant Plan is a retirement plan under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with a principal place of business in Columbus, Ohio, sponsored and maintained by AEP for the purpose of providing and administering retirement benefits payable to the present and former employees of AEP and its direct or indirect subsidiaries.

7. AEP is the named fiduciary and administrator of the Plan.

8. By virtue of their employment with AEP and/or its direct or indirect subsidiaries, Plaintiffs are, and at all relevant times were, participants in the Plan.

## Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs are asserting claims under § 502 of ERISA, 29 U.S.C. § 1132.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the Plan is administered within this District, the breach of duty alleged herein occurred within this District, and Defendants are located within this District.

## Factual Background

11. Prior to 2001 the Plan provided for a defined benefit for employees of AEP and its direct or indirect subsidiaries based upon their years of "benefit service" and their "final average pay".

12. Effective on or about January 1, 2001 AEP adopted an amendment to the Plan (the "Amendment") which converted the Plan into a "cash-balance" plan, assigning initial balances to participants based upon their pre-Amendment accrued benefits, and then adding contributions for each year

3

of employment thereafter, and interest at a variable rate up to retirement age.

13. The Amendment provided for "Grandfathered Participants" – those, including Plaintiffs, who were participants in the Plan on December 31, 2000 (or who were in a one-year waiting period for participation) – to continue to accrue benefits under the pre-Amendment "final average pay" formula through December 31, 2010 (the "Grandfathered Benefit"), and to receive the greater of their hypothetical cash balance or their accrued Grandfathered Benefit.

14. The Amendment further provided that all accruals to the Grandfathered Benefit would cease commencing January 1, 2011.

15. The benefit formula introduced by the Amendment thus offsets the accrued Grandfathered Benefit against cash balance benefits which otherwise would be earned after 2010.

16. Because accrued cash balances for Plaintiffs, and for many (if not all) Grandfathered Participants who remained employed by AEP after 2010 (the "Class"), were less than the actuarial value of accrued Grandfathered Benefits, Plaintiffs and the Class received no increase in total accrued benefits under the Plan for a substantial period (in Plaintiffs' cases, over seven years) commencing January 1, 2011.

17. The actuarial value of accrued Grandfathered Benefits fluctuates inversely with changing Treasury Bill interest rates.

18. The cessation or reduction of net benefit accrual to Plaintiffs and the Class after 2010 was foreseeably caused or exacerbated by reductions in interest rates.

19. The Amendment's offset of accrued Grandfathered Benefits against cash balance benefit accruals shifted the market risk of declining interest rates from the Plan to the Grandfathered Employees.

20. The Plan's administrator did not reasonably inform Plaintiffs and the Class of the risk to their future benefit accruals attendant on declining interest rates.

21. The Plan's administrator did not reasonably inform Plaintiffs and the Class that they were likely to receive no net benefit accruals for a substantial period, even as other employees received substantial benefit accruals for similar work.

22. In connection with implementing the Amendment, Defendants provided Plaintiffs and the Class with a summary plan description that included materially misleading, unreasonably optimistic illustrative projections of future cash balance accruals.

## Administrative Claims

23. Plaintiffs submitted the claims asserted herein to the Plan's administrator by a letter dated January 16, 2019, a true and correct copy of which is attached hereto as Exhibit A, and is incorporated herein by reference.

24. The Plan's administrator made no response to Plaintiffs' January 16, 2019 letter for a period in excess of nine months.

25. Defendants' delay described in Paragraph 24 contravened the regulation codified at 29 CFR § 2560.503-1(f)(1), and, on information and belief, Defendants' Plan documents.

26. Plaintiffs again submitted the claims asserted herein to the Plan's administrator by a letter dated October 16, 2019, a true and correct copy of which is attached hereto as Exhibit B, and is incorporated herein by reference.

27. The Plan's administrator purported to deny Plaintiffs' claims by a letter dated January 13, 2020, a true and correct copy of which is attached hereto as Exhibit C, and is incorporated herein by reference.

28. Defendants' January 13, 2020 letter did not set forth any description of the time limits applicable to Plaintiffs' right to bring a civil action under § 502(a) of ERISA with respect to their claims.

29. Defendants' omission described in Paragraph 28 contravened the regulation codified at 29 CFR § 2560.503-1(g)(1)(iv).

30. Plaintiffs timely appealed the Plan's administrator's denial of their claims, by a letter to the Plan's appeal committee dated March 13, 2020, a true and correct copy of which is attached hereto as Exhibit D, and is incorporated herein by reference.

31. In their March 13, 2020 letter Plaintiffs requested copies of the current Plan document, other documents referred to in Defendants' January 13, 2020 letter, and other documents related to Plaintiffs' claims.

32. To the date hereof, Defendants have not provided Plaintiffs with any response to their request for documents, or with any of the documents requested thereby.

33. Defendants' withholding of documents described in Paragraph 32 contravenes: Section 104(b) of ERISA, 29 U.S.C. § 1024(b); the regulation codified at 29 CFR § 2560.503-1(h)(2)(iii); Defendants' undertaking in their January 13, 2020 letter; and, on information and belief, Defendants' Plan documents.

34. The Plan's appeal committee made no response to Plaintiffs' March 13, 2020 letter for a period in excess of 120 days.

35. The delay described in Paragraph 34 contravened the regulation codified at 29 CFR § 2560.503-1(i)(1), and, on information and belief, Defendants' Plan documents.

36. The Plan's appeal committee purported to deny Plaintiffs' appeal by letter dated July 13, 2020, a true and correct copy of which is attached hereto as Exhibit E and is incorporated herein by reference.

37. Defendants' contraventions of 29 CFR § 2560.503-1, as detailed in Paragraphs 25, 29, 33 and 35 hereof, severally and collectively, amounted to a failure of the Plan to follow claims procedures consistent with the requirements of that regulation, and thereby to provide a reasonable claims procedure that would yield a decision on the merits of Plaintiffs' claims.

38. By virtue of Defendants' failures described in Paragraph 37, pursuant to 29 CFR § 2560.503-1(l)(1) Plaintiffs are deemed to have exhausted the administrative remedies available under the Plan, and are entitled to pursue any available remedies under § 502(a) of ERISA.

39. In the alternative, by virtue of the purported denial of their appeal in Defendants' July 13, 2020 letter, Plaintiffs have exhausted the administrative remedies available under the Plan.

## Class Allegations

40. Plaintiffs bring this action on behalf of themselves and a Class comprised of all Grandfathered Employees who continued to be employed by AEP and/or its direct or indirect subsidiaries on or after January 1, 2011.

41. On information and belief, the Class includes more than 1,000 members, and is therefore so numerous that joinder of all members is impracticable.

42. Plaintiffs' claims involve questions of law and fact in common with the claims of all members of the Class, including:

   a. Whether the offset of accrued Grandfathered Benefits against cash balance benefit accruals resulted in cessation or reduction of benefit accruals under the Plan within the contemplation of § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. § 1054(b)(1)(H)(i);

   b. Whether the foregoing cessation or reduction of benefit accruals was because of the attainment of any age within the contemplation of § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. § 1054(b)(1)(H)(i);

   c. Whether the offset of accrued Grandfathered Benefits against cash balance benefit accruals resulted in backloading of benefit accruals in violation of § 204(b)(1) of ERISA, 29 U.S.C. § 1054(b)(1);

  d. Whether Defendants' communications to participants concerning the Amendment complied with § 204(h) of ERISA, 29 U.S.C. § 1054(h) and Treas. Reg. § 1.411(d)–6, 29 CFR § 1.411(d)–6;

  e. Whether Defendants provided participants summary plan descriptions and summaries of material modifications that complied with §§ 102(a) and 104(b) of ERISA, 29 U.S.C. §§ 1022(a), 1024(b);

  f. Whether AEP's conduct breached its fiduciary duties under § 404(a) of ERISA, 29 U.S.C. § 1104(a); and

  g. Whether participants are entitled to reformation of the Plan and associated relief pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

43. Because Plaintiffs' claims are predicated on theories uniformly applicable to the Class, those claims are typical of the claims of the Class.

44. Plaintiffs have retained experienced class action counsel, and will fairly and adequately protect the interests of the Class.

45. Because the Plan reformation remedy sought herein would affect all participants, prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

46. In adopting the Amendment and applying it uniformly to the Class, Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

47. Questions of law or fact common to the Class predominate over any questions affecting only individual members.

48. A class action is superior to other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the Class, because, *inter alia*,

    a. Plaintiffs' interest is wholly aligned with that of the Class, so Class members have no special interest in individually controlling the prosecution of separate actions;

    b. On information and belief, no litigation concerning the controversy herein has been commenced by or against any Class members;

    c. It is desirable to concentrate litigation concerning the claims herein in the present forum because it is the location of Defendants' headquarters; and

    d. Because this action turns substantially on questions of law, which may be resolved on summary judgment, its management as a class action is unlikely to present special difficulties.

Count I – Age Discrimination

49. The averments of Paragraphs 1 through 48 of this Complaint are incorporated herein by reference.

50. The offset of accrued Grandfathered Benefits against cash balance benefit accruals resulted in cessation or reduction of benefit accruals under the Plan to the extent of a participant's accrued Grandfathered Benefits.

51. On information and belief, the amount of participants' accrued Grandfathered Benefits is positively correlated to the participants' age.

52. On information and belief, the net benefit accrual of each Plaintiff and each member of the Class would have been greater if he or she had been younger, but in all other respects similarly situated.

53. Consequently, the cessation or reduction of benefit accruals referred to in Paragraph 50 was and is "because of the attainment of any age" in violation of § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. § 1054(b)(1)(H)(i) and § 4(i)(1)(A) of the Age Discrimination in Employment Act, 29 U.S.C. § 623(i)(1)(A).

Count II - Backloading

54. The averments of Paragraphs 1 through 53 of this Complaint are incorporated herein by reference.

55. The offset of accrued Grandfathered Benefits against cash balance benefit accruals resulted in Plaintiffs and the Class receiving no benefit accruals during initial post-2010 years, and potentially receiving benefit accruals in later years after their accrued Grandfathered Benefits were fully offset.

56. Consequently, the benefit accrual formula adopted by the Amendment resulted in back-loading of benefit accrual, in violation of § 204(b)(1) of ERISA, 29 U.S.C. § 1054(b)(1).

## Count III – Insufficient Notice

57. The averments of Paragraphs 1 through 56 of this Complaint are incorporated herein by reference.

58. Because the offset of accrued Grandfathered Benefits against cash balance benefit accruals resulted in participants with substantial accrued Grandfathered Benefits receiving no benefit accruals during post-2010 years of service, the Amendment provided for a significant reduction in the rate of future benefit accrual.

59. The Plan's administrator failed to provide participants advance written notice of the text of the Amendment or a summary of its likely effects, in violation of § 204(h) of ERISA, 29 U.S.C. § 1054(h) and of Treas. Reg. § 1.411(d)–6, 29 CFR § 1.411(d)–6.

60. The Plan's administrator also failed to provide participants summary plan descriptions and summaries of material modifications which would reasonably apprise them of their rights under the Plan, in violation of §§ 102(a) and 104(b) of ERISA, 29 U.S.C. §§ 1022(a), 1024(b).

## Count IV – Breach of Fiduciary Duty

61. The averments of Paragraphs 1 through 60 of this Complaint are incorporated herein by reference.

62. The Plan's administrator's insufficient and misleading communications violated the administrator's fiduciary duties under § 404(a) of ERISA, 29 U.S.C. § 1104(a).

## Count V – Withholding of Documents

63. The averments of Paragraphs 1 through 62 of this Complaint are incorporated herein by reference.

64. Pursuant to § 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B), the Plan's administrator's failure to provide documents to Plaintiffs as requested in their March 13, 2020 letter renders the administrator liable to each Plaintiff in the amount of up to $100 per day commencing 30 days after such request.

<u>Prayer for Relief</u>

65. WHEREFORE, Plaintiffs demand:

 a. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; appointment of Plaintiffs as representatives of the Class; and appointment of Plaintiffs' counsel as Class Counsel;

 b. Reformation of the Plan pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to reflect that Grandfathered Participants are entitled to receive the greater of their Grandfathered Benefit and their cash balance as of December 31, 2010, plus all accruals to their cash balance from and after January 1, 2011;

 c. Recovery of benefits due to Plaintiffs Carte, Jones and Robinson, and other members of the Class no longer employed by AEP, under the Plan as so reformed;

 d. Clarification of the rights of Plaintiff Raub, and other members of the Class still employed by AEP, under the Plan as so reformed;

 e. *Per Diem* damages for withholding of documents pursuant to § 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B);

Case: 2:21-cv-05651-MHW-CMV Doc #: 1 Filed: 12/08/21 Page: 16 of 16  PAGEID #: 16

f.  A reasonable attorney's fee and the costs of this action pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

g.  Such other and further relief as may be just.

        Respectfully submitted,

        Goldberg, Persky & White, P.C.

By: s/Diana Nickerson Jacobs
Diana Nickerson Jacobs
Ohio Bar ID No. 0087194
djacobs@gpwlaw.com
David B. Rodes, of counsel
drodes@gpwlaw.com

11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 471-3980
Facsimile: (412) 471-8308

Counsel for Plaintiffs

16