UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy A. Carte, *et al.*,

    Plaintiffs,

v.

American Electric Power Service Corporation, *et al.*,

    Defendants.

Case No. 2:21-cv-5651

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Troy A. Carte, James M. Jones, William C. Robinson, and Walter W. Raub, II (collectively, "Plaintiffs") sued American Electric Power Service Corporation ("AEP") and American Electric Power System Retirement Plan ("Plan," collectively "Defendants") for various claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See generally*, Compl., ECF No. 1. The Court has already dismissed these claims without prejudice. *See* Opinion and Order, ECF No. 29. Plaintiffs now move for relief from judgment and for leave to file an amended complaint. ECF No. 31. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

In its prior Opinion and Order (the "O&O"), the Court explained the facts of this case as follows:

> AEP employed Plaintiffs from before 2001 through at least 2018. Compl. ¶¶ 1–4, ECF No. 1. Prior to 2001, AEP provided a traditional defined benefit plan for employees. *Id.* ¶ 11. Effective January 1, 2001, AEP adopted an amendment to the Plan that converted the Plan into a cash-balance plan. *Id.* ¶ 12.
>
> The Amendment had "Grandfathered Benefits" for those employees who were participating in the Plan as of December 31, 2000, and a few certain other employees ("Grandfathered Participants"). *Id.* ¶ 13. A Grandfathered Participant would continue to accrue benefits under the pre-2001 formula until December 31, 2010. *Id.* After January 1, 2011, participants could not continue to accrue benefits under the pre-2001 formula. *Id.* ¶ 14. Although Plaintiffs do not use the "wear away" language used by the Sixth Circuit and other courts, Plaintiffs appear to allege that, starting January 1, 2011, they entered a "wear-away" period. *Id.* ¶¶ 15–16. Apparently due to this wear-away period, Plaintiffs experienced no or low benefits accrual after January 1, 2011. *Id.* However, Plaintiffs also allege that their post-2010 benefits fluctuated with interest rates and that this fluctuation "caused or exacerbated" the cessation or reduction of benefit accrual. *Id.* ¶¶ 17–18.
>
> Finally, Plaintiffs allege that Defendants provided them with a Summary Plan Description ("SPD"). *Id.* But, they allege that the SPD did not adequately inform them "that they were likely to receive no net benefit accruals for a substantial period." *Id.* ¶ 21.

O&O 5–6, ECF No. 29. Plaintiffs asserted the following claims on an individual and class-wide basis: (1) age discrimination under ERISA and the Age Discrimination in Employment Act ("ADEA"); (2) backloading, in violation of § 204(b)(1) of ERISA; (3) insufficient notice, in violation of § 204(h) of ERISA; (4) breach of fiduciary duty in violation of § 404(a) of ERISA; and (5) withholding of documents, in violation of § 502(c)(1)(B) of ERISA. Compl. ¶¶ 49–64, ECF No. 1.

Defendants moved to dismiss the Complaint for failure to state a claim on which relief can be granted. ECF No. 5. The Court granted Defendants' motion and dismissed all of Plaintiffs' claims without prejudice. O&O, ECF No. 29. The Court dismissed the breach of fiduciary duty and withholding of documents claims because Plaintiffs expressly abandoned them and dismissed the remaining claims because the Complaint failed to provide sufficient factual allegations to support the claims. *Id.*

Relevant to this Order, the Court explained the following as to the age discrimination claims:

> Plaintiffs failed to include many factual details that were in their control. For example, named Plaintiffs are surely aware of their own pension account information and, by extension, what contributions were made, how interest rates impacted their benefits, and any other factors relevant to calculating the "net benefit accrual" for a particular Plaintiff. Further, the Plan includes information about how contributions were calculated for participants of different ages and years of service. *See, e.g.*, Plan Art. IV, ECF No. 5-2. Plaintiffs could, at a minimum, have provided calculations for a hypothetical younger participant to show how a younger participant would have a higher "net benefit accruals" over the relevant time period. With such calculations—even in the absence of discovery about any actual younger participants—the Court might have been able to discern whether Plaintiffs have plausibly alleged a claim under their legal theory.

O&O 13, ECF No. 29.

As to the backloading claim, the Court concluded that Plaintiffs' reliance on a certain Internal Revenue Service ruling was misplaced because that ruling did not apply to the Plan, and Plaintiffs had otherwise failed to allege sufficient facts to support a backloading claim. *Id.* at 14–16. Finally, for the insufficient notice

claims, the Court explained that Plaintiffs failed to cite to specific allegedly misleading statements or omissions. *Id.* at 16–23. Without such specific allegations, at least in this case, Plaintiffs failed to state a claim for insufficient notice. *Id.*

Plaintiffs now move under Federal Rules of Civil Procedure 15, 59, and 60 for relief from judgment and for leave to file an amended complaint. ECF No. 31.

## II. STANDARD OF REVIEW

During the regular course of litigation, when a party moves to amend a pleading, such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a plaintiff seeks leave to amend the Complaint after an entry of judgment, he has a "heavier burden" than for pre-judgment motions to amend under Rule 15. *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563–64 (6th Cir. 2022). "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 564 (internal quotation marks and citations omitted). Thus, the Court first considers whether Plaintiffs have met the requirements of Rule 59 or 60 before turning to whether amendment is appropriate.

Rule 59(e) of the Federal Rules of Civil Procedure "enables a district court to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). To grant a motion

filed under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from relief from a final judgment, order, or proceeding. Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

### III. ANALYSIS

Plaintiffs argue that they are entitled to relief under both Rule 59(e) and 60(b). Mot. 3–4, ECF No. 31. The motion fails under either Rule.

Plaintiffs argue that relief under Rules 59(e) and 60(b) is appropriate based on newly discovered evidence. Both Rule 59(e) and 60(b) allow a Court to reconsider a judgment based on newly discovered evidence. *See Leisure*

*Caviar*, 616 F.3d at 615 ("Under Rule 59, a court may alter the judgment based on . . . newly discovered evidence . . . ."); Fed. R. Civ. P. 60(b)(2) ("The court may relieve a party from a final judgment, order, or proceeding for newly discovered evidence." (cleaned up)).

Under either Rule 59(e) or 60(b), "newly discovered evidence" is evidence that was not previously available or discoverable. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (instructing on what "new" evidence means under both Rules). Evidence is considered unavailable only if it could not, in the exercise of reasonable diligence, have been submitted earlier. *Cameron v. Hess Corp.*, No. 2:12-cv-00168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013) (explaining that a court will not grant a Rule 59(e) motion "based on evidence which in the exercise of reasonable diligence could have been submitted earlier" (internal quotation marks and citations omitted)); *James v. City of Detroit, Michigan*, No. 20-1805, 2021 WL 5463778, at *7 (6th Cir. Nov. 23, 2021) ("To prevail on a Rule 60(b)(2) motion [the plaintiff] must show she exercised due diligence in obtaining the information . . . ." (internal quotation marks and citation omitted)). The evidence cannot be merely cumulative. *Newsome v. Nw. Airlines Corp.*, No. 02-2203 B, 2005 WL 8156713, at *3 (W.D. Tenn. Apr. 29, 2005) (denying a Rule 59(e) motion where, *inter alia*, the allegedly new evidence was "cumulative at best" (citation omitted)); *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (explaining

that, for a Rule 60(b)(2) motion, the allegedly new evidence "cannot be merely impeaching or cumulative" (internal quotation marks and citation omitted)).

Here, Plaintiffs argue that they have only recently come into possession of certain of the Plan's actuarial statements. Mot. 3–4, ECF No. 31. Plaintiffs assert that the statements from "around" the years 2000 and 2011 are particularly important pieces of evidence to which they did not have access until after the O&O. *Id.* Plaintiffs represent that they can use this allegedly new evidence to make calculations for a hypothetical younger plan participant, as the Court suggested for the age discrimination claim. *Id.* Defendants argue and present evidence that at least some of these actuarial statements are not actually "newly" discovered. Resp. 7–10, ECF No. 32.

Even assuming this evidence is newly discovered, Plaintiffs have not shown they are entitled to relief under Rules 59(e) and 60(b). In the O&O, the Court observed that information about contributions contained within the plan itself provided the necessary information for Plaintiffs to calculate contributions for hypothetical participants. O&O 13, ECF No. 29. The Court further observed that Plaintiffs' own financial information would have given them the ability to compare these hypothetical participants' outcomes to Plaintiffs'. *Id.* Plaintiffs have offered no argument that the Court was incorrect about these observations but instead merely argue that the newly discovered actuarial statements "strongly support" their theory and that they have now performed calculations for hypothetical participants, relying in part on the actuarial statements. Mot. 3–4,

ECF No. 31. In other words, even if Plaintiffs had never seen these actuarial statements prior to the O&O, the statements do not offer anything actually "new" for the Court's consideration; they are merely cumulative of the information Plaintiffs could have provided earlier.

Accordingly, Plaintiffs are not entitled to relief under either Rule 59(e) or 60(b). Moreover, as Plaintiffs have not met the requirements of Rule 59 or 60, they may not amend the Complaint. *Gen. Motors*, 44 F.4th at 563–65 ("Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60" (internal quotation marks and citation omitted)). However, because the Court dismissed Plaintiffs' claims without prejudice, Plaintiffs are free to file a new complaint in a new action.

## IV. CONCLUSION

For these reasons, Plaintiffs' motion is **DENIED**. The Clerk shall terminate ECF No. 31. The case remains closed.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**